■   ROMANCE BRIDALS, INC., et al., Respondents, v. 1385 BROADWAY COMPANY et al., Appellants.— Order, Supreme Court, New York County, entered on July 25, 1973, granting plaintiffs' motion to the extent of preliminarily enjoining defendants from prosecuting summary proceedings pending adjudication of this class action for a declaratory judgment, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs and without disbursements, and motion denied. Plaintiffs' claim, that they were induced to enter into renewal leases containing a contested escalation clause, at best, creates a disputed fact issue. Temporary injunctive relief should not be granted unless both a clear legal right to the relief sought and irreparable injury are shown (*De Candido* v. *Young Stars*, 10 A D 2d 922). Plaintiffs, in this class action, have not demonstrated the existence of either of these prerequisites. "Furthermore, the causes alleged may not be maintained in class form. Obviously, the complaints of the plaintiffs are not shown to have been common to others affected [citing cases]". (*Tuvin* v. *10 E. 30 Corp.*, 38 A D 2d 895, 896.) Certainly a sweeping preliminary injunction herein, based on affidavits from but three of 51 plaintiffs, is unwarranted. (See CPLR 6312, subd. [a].) Concur — Nunez, J. P., Murphy, Lane, Tilzer and Capozzoli, JJ.

■   In the Matter of MICHAEL L. GAGLIA, Petitioner, v. ALBERT A. WALSH, as Administrator of the Housing and Development Administration of the City of New York, Respondent.— Determination of respondent Administrator of the Housing and Development Administration, dated July 20, 1972, dismissing petitioner from the position of construction inspector, unanimously annulled, on the law, without costs and without disbursements, and the proceeding remanded for rehearing. Petitioner was originally charged with six specified acts of misconduct involving attempted extortion in connection with a named restoration project. At the disciplinary hearing, the original charges were deleted, without prejudice, and a new specification added. This new (and now only) charge was predicated on petitioner having previously pleaded guilty (though disclaiming guilt [cf. *North Carolina* v. *Alford*, 400 U. S. 25]) to the crime of official misconduct, a Class A misdemeanor. Subsequently, petitioner withdrew his guilty plea and the indictment was restored. Since the factual support for respondent's determination has dissolved, a new hearing is required; and we find it unnecessary to reach the question of whether petitioner's removal may be based on a plea prior to judgment. (Cf. *Matter of Keogh* v. *Wagner*, 20 A D 2d 380, affd. 15 N Y 2d 569.) Concur — Nunez, J. P., Murphy, Lane, Tilzer and Capozzoli, JJ.